# EXHIBIT "A"

# EXHIBIT "A"

FILED
Electronically
CV21-00024
2021-01-06 04:57:19 PM
Jacqueline Bryant
Clerk of the Court
Transaction # 8234436 : csulezic

$1425
ROBERT R. JENSEN
Nevada State Bar No. 2558
GALLOWAY & JENSEN
222 California Ave.
Reno, NV 89509
Tele.: 775/333-7555
Fax:  775/323-4993
Email: robert@gallowayjensen.com

*Attorneys for Plaintiff Jamie Lee Ellison*

**IN THE SECOND JUDICIAL DISTRICT COURT OF
THE STATE OF NEVADA IN AND FOR
THE COUNTY OF WASHOE**

\*\*\*\*\*

JAMIE LEE ELLISON,

        plaintiff,

   vs.

SMITH'S FOOD AND DRUG
CENTERS, INC., and DOES I-XX,
Inclusive,

       defendants.

_____/

Case No. _____

Dept. No. _____

**COMPLAINT**

    Plaintiff, JAMIE LEE ELLISON, by and through his attorney, ROBERT R. JENSEN, of

the law firm of GALLOWAY & JENSEN, hereby alleges as follows:

    1.    Plaintiff, JAMIE LEE ELLISON, at all times herein mentioned, was and is a

resident of the State of Nevada.

    2.    Plaintiff is informed and believes that Defendants SMITH'S FOOD AND

DRUG CENTERS, INC, (Defendant SMITH's), at all times herein mentioned, was and is an

Ohio corporation duly qualified to transact business as a retail grocery store in the state

of Nevada.

GALLOWAY
& JENSEN
222 California Ave
Reno, NV 89509
(775) 333-7555

1

1    3.    Plaintiff is informed and believes that Defendants SMITH'S FOOD AND

2  DRUG CENTERS, INC, (Defendant SMITH's), at all times herein mentioned, was and is the

3  legal owner of at retail grocery store and abutting parking lot located at 175 Lemmon

4  Drive, Reno, Nevada.

5    4.    Plaintiff is informed and believes that Defendant Does I-III are a sole

6  proprietorship or Nevada business with its residency or principal place of business or

7  headquarters located in the state of Nevada and had contracted with Defendant Smith's or

8  undertaken to remediate and/or warn of snowy/icy conditions where Plaintiff fell on the

9  day she fell and which forms the basis of this complaint.

10    5.    Plaintiff is informed and believes that Defendant Doe IV-X are individuals

11  residing in the state of Nevada and working for Defendant Smith's or DOES I-III and were

12  charged with the responsibility, by contract, law or employment direction to remediate

13  and/or warn of snowy/icy conditions where Plaintiff fell on the day she fell and which

14  forms the basis of this complaint.

15    6.    The true names and capacities, whether individual, corporate, limited

16  liability company, associate, co-partnership, trust, trustee, or otherwise of Defendants

17  DOES I-XX are unknown to Plaintiff who therefore sues said Defendants by such fictitious

18  names. Plaintiff is informed and believes and therein alleges that each of the Defendants

19  designated as DOES are responsible in some manner for the offense and happenings

20  referred to in this action and proximately caused the damages to Plaintiff as herein

21  alleged. Said DOES are responsible as owners, controllers, property managers, snow and

22  ice remediation persons or entities, or were otherwise responsible by law or

23  contractually for performing snow and ice remediation services on the premises where

24  Plaintiff fell and was injured, or are their employees or independent contractors, and

25

26  negligently failed to remediate snow and/or icy conditions in the parking spaces in front

GALLOWAY
& JENSEN
222 California Ave
Reno, NV 89509
(775) 333-7555

2

of Defendant Smiths, or warn of the dangerous and icy conditions in that location.   Said DOES may also be responsible for ordering, buying, recommending, installing, applying the paint to the parking space where plaintiff fell without a sufficient non-slip component or failing to apply such a non-slip application after painting. Plaintiff requests leave of this Court to amend the Complaint to insert the true names and capacities of said Defendants, when the same have been ascertained, to join such Defendants in this action and assert the appropriate charging allegations.

7.     On or about February 5, 209, Plaintiff JAMIE LEE ELLISON was exiting Defendant SMITH'S retail grocery store at 175 Lemmon Drive, Reno, Nevada, ("store") and was walking to her car located in a parking space abutting the front of the store and its outside walkway, when she slipped and fell on snowy/icy conditions in the parking lot.

8.     Defendant SMITH'S had a duty to keep the parking lot used by its patrons in a reasonably safe condition and failed to take reasonable action make sure the painted area where Plaintiff fell had sufficient friction or to remediate, and/or warn of the icy/snowy or slippery conditions, cordon off or provide assistance to patrons where Plaintiff fell, proximately causing her injuries.

9.     Defendant SMITH'S knew moisture, snow and ice had accumulated in front of its store and failed to take reasonable action to remediate, and/or warn of those conditions, cordon off or provide assistance to patrons where Plaintiff fell proximately causing her injuries.

10.     Doe Defendants I-III failed to perform their duties in accordance with their agreement with Defendant Smith's or in accordance with the standard of care allowing the area where Plaintiff fell to become unreasonably slippery and dangerous, proximately causing Plaintiff's injuries and damages.

GALLOWAY
& JENSEN
222 California Ave
Reno, NV 89509
(775) 333-7555

3

11.    Doe Defendants IV-X failed to perform their duties in accordance with their instructions by their employer Defendant Smith's and/or Does I-III allowing the area where Plaintiff fell to become unreasonably slippery and dangerous due to the painting, and moist, acy or snowy conditions and in failing to take reasonable steps to remediate the slippery conditions, warning of such conditions, cordoning of the area and/or assisting patrons, proximately causing Plaintiff's injuries and damages.

12.    Defendant SMITH'S negligently contracted with, hired, trained, supervised and/or retained the individuals or entities charged with performing painting of the handicap spaces and the snow/ice remediation, assisting patrons and/or placing or providing warnings where Plaintiff fell proximately causing her injuries.

13.    As a direct and proximate result of Defendants' negligence, Plaintiff sustained physical injuries all to her general damage, in the past and the future, in an amount in excess of $15,000.

14.    As a further direct and proximate result of Defendants' negligence, Plaintiff has incurred, and may continue to incur in the future, medical expenses, loss of income and earning capacity, in an amount not yet ascertained.

15.    As a further direct and proximate result of Defendants' negligence, Plaintiff has been required to retain the services of an attorney, incurred costs and is entitled to recover interest.

WHEREFORE, Plaintiff, while expressly reserving her right to amend this Complaint at the time of trial of this action herein to include all items of damage not yet ascertained, requests judgment against Defendants, and each of them, as follows:

1.  For general damages in an amount in excess of $10,000.00;

2.  For special damages according to proof at the time of trial;

GALLOWAY
& JENSEN
222 California Ave
Reno, NV 89509
(775) 333-7555

4

1    3. For loss of income and earning capacity according to proof

2       at the time of trial;

3    4. For costs of suit, including reasonable attorney's fees; and

4    5. For such other and further relief as this Court deems just

5       and proper.

6                          AFFIRMATION

7    Pursuant to NRS 239B.030, the undersigned does affirm that this document does not

8  contain the Social Security number of any person.

9    DATED this 6th day of January, 2021.

10

11                          GALLOWAY & JENSEN

12

13                          _____/s/ Robert Jensen_____
                            ROBERT R. JENSEN
14                          222 California Avenue
                            Reno, Nevada 89509
15

16                          *Attorneys for Plaintiff Jamie Lee Ellison*

17

18

19

20

21

22

23

24

25

26

GALLOWAY
& JENSEN
222 California Ave
Reno, NV 89509
(775) 333-7555

5

F I L E D
Electronically
CV21-00024
2021-03-15 02:47:40 PM
Jacqueline Bryant
Clerk of the Court
Transaction # 8343013

**4085**

## IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

## IN AND FOR THE COUNTY OF WASHOE

JAMIE LEE L. ELLISON,

      Plaintiff,

      vs.

SMITH'S FOOD AND DRUG
CENTERS, INC., and DOES I-X,
inclusive,

      Defendants.

_____/

Case No. CV21-00024

Dept. No. 15

### SUMMONS

**TO THE DEFENDANT: YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND IN WRITING WITHIN 21 DAYS. READ THE INFORMATION BELOW VERY CAREFULLY.**

    A civil complaint has been filed by the Plaintiff(s) against you for the relief as set forth in that document (see complaint or petition). When service is by publication, add a brief statement of the object of the action. See Nevada Rule of Civil Procedures, Rule 4(b).

    1.    If you intend to defend this lawsuit, you must do the following within 21 days   after service of this summons, exclusive of the day of service:

        a.    File with the Clerk of the Court, whose address is shown below, a formal written answer to the complaint or petition, along with the appropriate filing fees, in accordance with the rules of the Court, and;

        b.    Serve a copy of your answer upon the attorney or Plaintiff(s) whose name and address is shown below.

    2.    Unless you respond, a default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the complaint or petition.

    DATED this __8TH__ day of January, 2021.

Issued on behalf of Plaintiff(s):

Name:        Robert R. Jensen, Esq.
Address:     222 California Ave.
            Reno, Nevada 89509
Phone Number: (775) 333-7555

JACQUELINE BRYANT
CLERK OF THE COURT

/S/ A. MOIS

Deputy Clerk
Second Judicial District Court
75 Court Street
Reno, Nevada 89501

GALLOWAY
& JENSEN
222 California Ave
Reno, NV 89509
(775) 333-7555

1

CODE 1067

## IN THE SECOND JUDICIAL DISTRICT COURT
## IN AND FOR THE COUNTY OF WASHOE

Jamie Lee Ellison,
        Plaintiff(s),

VS.                              CASE NO:  **CV21-00024**

Smith's Food and Drug Centers, Inc.,
        Defendant(s),

DECLARATION OF SERVICE

ss.:

**ROBERT JAMES CLARK**, being duly sworn says: That at all times herein Affiant was and is a citizen of the United States, over 18 years of age, and not a party to nor interested in the proceedings in which this Affidavit is made.

That Affiant received copy(ies) of the **SUMMONS; COMPLAINT** On 3/8/2021 and served the same on 3/8/2021 at 2:02 PM by delivery and leaving a copy with:

**Kris Osborne - Administrative Assistant**, pursuant to NRS 14.020 as a person of suitable age and discretion, of the office of Corporation Service Company, registered agent for Smith's Food and Drug Centers, Inc., at the registered address of:

**112 N Curry St, Carson City, NV 89703-4934**

A description of Kris Osborne is as follows

| Gender | Color of Skin/Race | Hair | Age | Height | Weight |
|---|---|---|---|---|---|
| Female | Caucasian | Brown | 41-45 | 5'1 - 5'6 | 161-180 Lbs |

Pursuant to NRS 239B.030 this document does not contain the social security number of any person.

Affiant does hereby affirm under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

STATE OF NEVADA
COUNTY OF Washoe

Executed on: 3/8/2021
by ROBERT JAMES CLARK
Registration: R -060170

No notary is required per NRS 53.045

X _____

ROBERT JAMES CLARK
Registration: R -060170
Reno Carson Messenger Service, Inc #322
185 Martin St.
Reno, NV 89509
(775) 322-2424
www.renocarson.com

\*.R116945\*

Order#: R116945 NVPRF411

1

**SECOND JUDICIAL DISTRICT COURT**

2

**COUNTY OF WASHOE, STATE OF NEVADA**

3

**AFFIRMATION**
**Pursuant to NRS 239B.030**

4

5

The undersigned does hereby affirm that the proceeding documents filed in case

6

number CV21-00024, does not contain the social security number of any person.

7

DATED this 15th day of March, 2021.

8

GALLOWAY & JENSEN

9

10

/s/ Robert Jensen
Robert R. Jensen, Esq.

11

222 California Ave.
Reno, NV 89509

12

*Attorney for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

**GALLOWAY** 25
**& JENSEN**
222 California Ave.
Reno, NV 89509
(775) 333-7555

1

F I L E D
Electronically
CV21-00024
2021-03-29 12:06:07 PM
Jacqueline Bryant
Clerk of the Court
Transaction # 8365208 : azamora

1 | **$1560**
JERRY S. BUSBY
2 | Nevada Bar #001107
COOPER LEVENSON, P.A.
3 | 3016 West Charleston Blvd. - #195
Las Vegas, Nevada 89102
4 | (702) 366-1125
FAX: (702) 366-1857
5 | jbusby@cooperlevenson.com
Attorneys for Defendant
6 | SMITH'S FOOD & DRUG CENTERS, INC.

7 | **IN THE SECOND JUDICIAL DISTRICT COURT OF
THE STATE OF NEVADA IN AND FOR**
8 | **THE COUNTY OF WASHOE**

9 | JAMIE LEE ELLISON,

10 |        plaintiff,

11 |     vs

12 | SMITH'S FOOD AND DRUG CENTERS,
INC., and DOES I-XX, inclusive,

13 |       defendants.

Case No. CV21-00024
Dept. No. 15

**DEFENDANT SMITH'S FOOD & DRUG
CENTERS, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT**

15 |     COMES NOW, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., improperly identified

16 | as SMITH'S FOOD AND DRUG CENTERS, INC., by and through its attorney of record, JERRY S.

17 | BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A., and hereby answers Plaintiff's Complaint

18 | on file herein as follows:

19 |                               **I.**

20 |     This answering Defendant states that it does not have sufficient knowledge or information upon

21 | which to base a belief as to the truth of the allegations contained in Paragraphs 1, 4, 5, 6, 7, 9, 10 and 11

22 | of Plaintiff's Complaint and upon said ground, denies each and every allegation contained therein.

23 |                               **II.**

24 |     In response to Paragraph 2 of Plaintiff's Complaint, this answering Defendant admits that it

25 | is an Ohio corporation duly qualified to transact business as a retail grocery store in the state of

26 | Nevada. This answering Defendant denies any remaining allegations contained in said Paragraph.

27 | / / /

28 | / / /

CLAC 6274940.1

**III.**

In response to Paragraph 3 of Plaintiff's Complaint, this answering Defendant admits that it was the legal owner of the SMITH'S store and portions of the parking lot located at175 Lemmon Drive, Reno, Nevada.  This answering Defendant denies any remaining allegations contained in said Paragraph.

**IV.**

Paragraph 8 of Plaintiff's Complaint  states a legal conclusion which is the sole province of the Court to determine.  This answering Defendant therefore denies said Paragraph.

**V.**

This answering Defendant denies each and every allegation contained in Paragraphs 12, 13, 14 and 15 of Plaintiff's Complaint.

**<u>AFFIRMATIVE DEFENSES</u>**

**<u>FIRST AFFIRMATIVE DEFENSE</u>**

Plaintiff did not use reasonable diligence to care for her injuries, thereby aggravating said injuries as a result.  Therefore, Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**

At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto, Plaintiff did not exercise ordinary care, caution, or prudence for the protection of her own safety, and injuries and damages complained of by Plaintiff in the Complaint, if any, were directly and proximately caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiff, and therefore Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

**<u>THIRD AFFIRMATIVE DEFENSE</u>**

Plaintiff's action is barred as to this answering Defendant by reason of the statute of limitations, in that the action was not commenced within two years from the date of the alleged negligence on the part of this answering Defendant, all as is required in accordance with the laws of the State of Nevada and as required by Nevada Revised Statutes 11.190(4)(e).

2

CLAC 6274940.1

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff had notice of all of the facts and all of the acts of the Defendant as set forth in the Complaint, but nevertheless refrained from commencing this action in a timely manner, and has thereby been guilty of such laches as should in equity bar the Plaintiff from maintaining this action, in that the lapse of time has prevented and will prevent this answering Defendant from marshalling its evidence and preparing a defense.

**FIFTH AFFIRMATIVE DEFENSE**

The damage sustained by Plaintiff, if any, was caused by the acts of unknown third persons who were not agents, servants, or employees of Defendant, and who were not acting on behalf of Defendant in any manner or form, and, as such, Defendant is not liable in any manner to Plaintiff.

WHEREFORE, this answering Defendant prays that Plaintiff take nothing by virtue of her Complaint on file herein; for costs and disbursements incurred in this action; and for such other and further relief as to the Court may deem proper.

**AFFIRMATION**

The undersigned does and hereby affirm, pursuant to NRS 239B.030, that this document and any attachments do not contain personal information as defined in NRS 603.040 about any persons.

Dated this 29th day of March, 2021.

COOPER LEVENSON, P.A.


By   /s/ Jerry S. Busby
         Jerry S. Busby
         Nevada Bar No. 001107
         3016 West Charleston Blvd. - #195
         Las Vegas, Nevada 89102
         Attorneys for Defendant
         SMITH'S FOOD & DRUG CENTERS, INC.

3

CLAC 6274940.1

**CERTIFICATE OF SERVICE**

  I certify that I am an employee of COOPER LEVENSON, P.A.  and that on the 29th day of March, 2021, I filed the foregoing **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** electronically with the Clerk of the Court, Washoe County, Nevada, using eFlex system which constitutes effective service for all eFiled documents pursuant to the eFile User Agreement to all parties listed on the service list.

Robert R. Jensen, Esq.
GALLOWAY & JENSEN
222 California Avenue
Reno, NV  89509
Attorneys for Plaintiff

          By /s/ Theresa H. Rutkowski
              An Employee of
              COOPER LEVENSON, P.A.

4

CLAC 6274940.1

F I L E D
Electronically
CV21-00024
2021-04-09 04:47:10 PM
Jacqueline Bryant
Clerk of the Court
Transaction # 8388718

1  CODE: 3840
   Robert R. Jensen
2  NSB No. 2558
   Galloway & Jensen
3  222 California Avenue
   Reno, Nevada 89509
4  Tel.: 775.333.7555
   Fax: 775.323.4993
5  robert@gallowayjensen.com

6  *Attorneys for Plaintiff Jamie Lee L. Ellison*

7  **IN THE SECOND JUDICIAL DISTRICT COURT OF**
   **THE STATE OF NEVADA IN AND FOR THE**
8  **COUNTY OF WASHOE**

9  \* \* \* \* \*

10 JAMIE LEE L. ELLISON,

   Case No.:     CV21-00024
11     Plaintiffs,

   Dept. No.:    15
12 v.

13 SMITH'S FOOD AND DRUG
   CENTERS, INC., and DOES I-X,
14 inclusive,
       Defendants.
15 _____/

16 **REQUEST TO EXEMPT CASE FROM ARBITRATION**

17     Plaintiff requests this matter be exempted from the Court Annexed Arbitration

18 Program (Program), as it has a probable value in excess of $50,000.  *See* NAR 5(A), 3(A)

19 and (E).

20     This is a personal injury action arising out of an incident that occurred on February

21 5, 2019, when Plaintiff slipped and fell on snowy and icy conditions in Defendant Smith's

22 Food and Drug Centers, Inc.'s, parking lot.  As a result of that fall, Plaintiff sustained a tear

23 of the scapholunate ligament in her left wrist.[1] This required a left scaphoidectomy, a left

24 wrist 4-corner fusion and a left posterior interosseous nerve neurectomy on April 17,

GALLOWAY
& JENSEN
222 California Ave
Reno, NV 89509
(775) 333-7555

---

[1] The scapholunate ligament is in the middle of the wrist between the scaphoid and lunate bones. It is an important structure for painless and full wrist motion.

1

2019.  This fusion procedure failed and required a revision surgery on March 4, 2020.
This again failed to fuse and required third fusion surgery on August 9, 2020.

Plaintiff's medical bills are:

| | |
|---|---|
| Renown Urgent Care | $ 684.00 |
| Reno Radiological Associates | $ 53.00 |
| Reno Orthopaedic Clinic | $ 1,663.00 |
| Great Basin Orthopaedics | $ 18,728.24 |
| Carson Tahoe Regional Healthcare | $ 1,868.60 |
| Renown South Meadows | $ 131,316.00 |
| Associated Anesthesiologist | $ 10,974.00 |
| Nevada Hand Therapy | $ 1,450.00 |
| Sweetwater Pain and Spine | $ 3,898.00 |
| **Total** | **$ 170,634.84** |

Plaintiff's Renown bill is attached as Exhibit 1.

For the foregoing reasons, the undersigned hereby certifies pursuant to NRCP 11
that this case should be exempt from the Program as Plaintiff's claim has a probable value
in excess of $50,000.

AFFIRMATION

Pursuant to NRS 239B.030, the undersigned does affirm that this document does not
contain the Social Security number of any person.

DATED this 9th day of April, 2020.

GALLOWAY & JENSEN

*Robert Jensen*

ROBERT R. JENSEN
222 California Ave.
Reno, NV 89509

*Attorneys for Plaintiff Jamie Lee L. Ellison*

GALLOWAY
& JENSEN
222 California Ave
Reno, NV 89509
(775) 333-7555

2

1   **CERTIFICATE OF SERVICE**

2   Pursuant to NRCP 5(b), I certify that I am an employee of GALLOWAY & JENSEN

3   and that on this date I served a true and correct copy of the preceding document

4   addressed to the following:

5   Jerry S. Busby, Esq.
    Cooper Levenson, P.A.
6   3016 West Charleston Blvd. #195
    Las Vegas, NV 89102
7   *Attorneys for Defendant*

8

9   [ ]   **BY U.S. MAIL:** I deposited for mailing in the United States mail, with postage fully prepaid, an envelope containing the preceding document at Reno, Nevada, in the ordinary
10  course of business.

11  [ ]   **COURTESY COPY VIA FACSIMILE**

12  [ ]   **BY PERSONAL SERVICE:** I personally delivered the preceding document by hand delivery to the offices of the address named above.

13  [ ]   **BY MESSENGER SERVICE:** Reno Carson Messenger Service received from Galloway & Jensen the preceding document for delivery to the offices of the address
14  named above.

15  [X]   **BY ELECTRONIC FILING (e-Flex)**

16  DATED this 9th day of April, 2021.

17
                                    _/s/ Kayla-Lee Stalcup_
18                                  Kayla-Lee Stalcup

19

20

21

22

23

24

GALLOWAY 25
& JENSEN
222 California Ave
Reno, NV 89509
(775) 333-7555

3

1

**Exhibit list**

2      1.        Renown billing

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

GALLOWAY 25
& JENSEN
222 California Ave
Reno, NV 89509
(775) 333-7555

4

F I L E D
Electronically
CV21-00024
2021-04-21 11:27:46 AM
Jacqueline Bryant
Clerk of the Court
Transaction # 8405782

1   CODE: 3860
    Robert R. Jensen
2   NSB No. 2558
    Galloway & Jensen
3   222 California Avenue
    Reno, Nevada  89509
4   Tel.: 775.333.7555
    Fax: 775.323.4993
5   robert@gallowayjensen.com

6   *Attorneys for Plaintiff Jamie Lee L. Ellison*

7                **IN THE SECOND JUDICIAL DISTRICT COURT OF**
                 **THE STATE OF NEVADA IN AND FOR THE**
8                           **COUNTY OF WASHOE**

9                                * * * * *

10  JAMIE LEE L. ELLISON,

                                        Case No.:    CV21-00024
11          Plaintiffs,
                                        Dept. No.:   15
12  v.

13  SMITH'S FOOD AND DRUG
    CENTERS, INC., and DOES I-X,
14  inclusive,
            Defendants.
15  _____/

16                          **REQUEST FOR SUBMISION**

17          Plaintiff requests that her *Request to Exempt Case From Arbitration* filed on April 9,

18  2021, be submitted for decision.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25

GALLO
& JENS
222 California Ave
Reno, NV 89509
(775) 333-7555

                                        1

AFFIRMATION

Pursuant to NRS 239B.030, the undersigned does affirm that this document does not contain the Social Security number of any person.

DATED this 21st day of April, 2020.

GALLOWAY & JENSEN

*Robert R. Jensen*

ROBERT R. JENSEN
222 California Ave.
Reno, NV 89509

*Attorneys for Plaintiff Jamie Lee L. Ellison*

GALLO
& JENS
222 California Ave
Reno, NV 89509
(775) 333-7555

2

1

**CERTIFICATE OF SERVICE**

2          Pursuant to NRCP 5(b), I certify that I am an employee of GALLOWAY & JENSEN

3   and that on this date I served a true and correct copy of the preceding document

4   addressed to the following:

5          Jerry S. Busby, Esq.
           Cooper Levenson, P.A.
6          3016 West Charleston Blvd. #195
           Las Vegas, NV 89102
7          *Attorneys for Defendant*

8

9   [ ]    **BY U.S. MAIL:** I deposited for mailing in the United States mail, with postage fully
           prepaid, an envelope containing the preceding document at Reno, Nevada, in the ordinary
10          course of business.

11  [ ]    **COURTESY COPY VIA FACSIMILE**

12  [ ]    **BY PERSONAL SERVICE:** I personally delivered the preceding document by hand
           delivery to the offices of the address named above.

13  [ ]    **BY MESSENGER SERVICE:** Reno Carson Messenger Service received from
           Galloway & Jensen the preceding document for delivery to the offices of the address
14          named above.

15  [X]    **BY ELECTRONIC FILING (e-Flex)**

16          DATED this 21st day of April, 2021.

17                                                    *Robert R. Jensen*
                                                      Robert R. Jensen
18

19

20

21

22

23

24

25

GALLO
& JENS:
222 California Ave
Reno, NV 89509
(775) 333-7555

F I L E D
Electronically
CV21-00024
2021-04-28 08:45:19 AM
Alicia L. Lerud
Clerk of the Court
Transaction # 8416628

CODE NO.  A120

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

JAMIE LEE ELLISON,

    Plaintiff,

  vs.

SMITH'S FOOD AND DRUG CENTERS,
INC., and DOES I-XX, Inclusive,

    Defendants.
               /

Case No.  CV21-00024

Dept. No.  15

## ORDER EXEMPTING CASE FROM COURT ANNEXED ARBITRATION PROGRAM

  The *Complaint* was filed on January 6, 2021, and an *Answer* was filed on March 29, 2021.  On April 9, 2021, Plaintiff filed a *Request to Exempt Case from Arbitration* and represented that the amount in controversy exceeds the jurisdictional limit for the Court Annexed Arbitration Program ("Arbitration Program").  No opposition has been filed and the matter came under review by the Arbitration Judge on April 26, 2021.

  Having considered the pleadings, the Court finds the amount in controversy exceeds the jurisdictional limit per plaintiff for arbitration.  Accordingly, and good cause shown, this case is exempted pursuant to NAR 3 and 5 from the Arbitration Program.

  DATED this 28th day of April, 2021.

                TAMMY M. RIGGS
                ARBITRATION JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the Second Judicial District Court of the State of Nevada, in and for the County of Washoe; and that on this date I electronically filed the foregoing with the Clerk of the Court by using the ECF system which will send a notice of electronic filing to the following:

ROBERT JENSEN, ESQ.

JERRY BUSBY, ESQ.

DATED this 28th day of April, 2021.

Judicial Assistant

F I L E D
Electronically
CV21-00024
2021-05-04 04:26:33 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 8427606

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

JAMIE LEE ELLISON,

                Plaintiff,

v.

SMITH'S FOOD AND DRUG CENTERS, INC., and DOES I-XX, Inclusive,

                Defendants.

Case No.     CV21-00024

Dept. No.    15

_____/

## PRETRIAL ORDER

The procedures described in this pretrial order are designed to secure a just, speedy, and inexpensive determination of this case. If any party believes a procedure required by this order will not achieve these ends, that party should seek an immediate conference among all parties and this Court so an alternative order may be discussed. **Otherwise, failure to comply with the provisions in this order may result in the imposition of sanctions, which may include, but are not limited to, dismissal of the action or entry of a default.** All references to "counsel" include self-represented litigants.

### I. TRIAL SETTING

Unless the parties have already done so, counsel for the parties shall set trial no later than 20 days after entry of this order. Jury trials are set with the Jury Commissioner pursuant to Administrative Order 2021-07. The Jury Commissioner will set the jury trial on a Trial Stack to occur within one year of the setting conference. See Administrative

1

Order 2021-07, Section III, Paragraph F.  Non-Jury trials will be set without the participation of the Jury Commissioner.  Please coordinate with the Department 15 Judicial Assistant at 775-328-3880 or shannon.parke@washoecourts.us to schedule a setting appointment or set other pre-trial hearings.  The sections regarding juries only apply if a jury trial is requested.

## II. PRETRIAL CONFERENCES

In addition to the Jury Trial, set by the Jury Commissioner, the parties and the Judicial Assistant will set a Status Hearing 90 days prior to the Trial Stack and a Final Calendar Call 28 days prior to the Trial Stack.  The status hearing is to confirm the parties have participated in a settlement conference or private mediation and the final calendar call is to confirm the parties' intent to proceed with trial.  See Administrative Order 2021-07 Section III, Paragraphs G & J.

Only a final pretrial conference will be set at least 30 days prior to the start of a non-jury trial.  Finally, an Early Pretrial Scheduling Conference will be set for both jury and non-jury trials.

A.    **Early Pretrial and Scheduling Conference.**  Simultaneously with the trial setting appointment if the trial has not already been set, counsel for the parties shall set a pretrial scheduling conference, to be held within 60 days of the setting.

1.    Purpose.  The pretrial scheduling conference provides the parties with an opportunity to meet directly with the Court in an effort to facilitate the purposes identified at NRCP 16(a), present suggestions regarding the matters identified at NRCP 16(c), and address disputes or problems arising out of the early case conference.

2.    Required Attendance.  Lead trial counsel for all parties, as well as all unrepresented parties, must attend the pretrial scheduling conference.

3.    Stipulation to Vacate Conference.  **The parties may stipulate to vacate the pretrial scheduling conference and the Court will order the same if the Court is** provided with a written stipulation stating the agreement of all parties that an early pretrial scheduling conference is not warranted and including a stipulated scheduling

2

order for entry in this case.  The stipulated scheduling order must specify deadlines, using calendar dates, that comply with the provisions of NRCP 16.1(a) and (c) for:

      (a)    filing motions to amend the pleadings or to add parties;

      (b)    making initial expert disclosures;

      (c)    making rebuttal expert disclosures;

      (d)    completing discovery proceedings; and

      (e)    filing dispositive motions.

The stipulated scheduling order also must specify a calendar date by which all pretrial motions, including dispositive motions and motions limiting or excluding an expert's testimony, must be submitted for decision, said submission date must be no later than 30 calendar days before trial.

    **B.**    **Interim Pretrial Conferences.**  This Court is available to meet with the parties whenever the parties agree a meeting would be beneficial.  This Court may also order one or more pretrial conferences sua sponte or upon motion by any party.

    **C.**    **Final Pretrial Conference.**  At the same time a non-jury trial is scheduled, the parties must also schedule the date for a final pretrial conference, to be held no later than 30 days[1] prior to trial.

    1.    Purpose.  The conference is intended to develop a plan for trial, including a protocol for facilitating the admission of evidence and to address any trial-related disputes, needs, or requests.

    2.    Required Attendance.  This conference must be attended by:

      (a)    the attorneys who will try the case (the parties, which includes an authorized representative of any party that is an entity, may be required to attend); and

[1] See WDCR 6

3

(b)     any unrepresented parties.

3.     <u>Use of Equipment at Trial</u>.  At the final pretrial conference, counsel must advise the Court fully with respect to the following matters:

    (a)     the equipment to be used during trial, including any request to use the Court's equipment;

    (b)     the presentation software to be used during trial, and whether each party is able to receive and use digital files of presentation materials prepared by another;

    (c)     any expected use of videoconferencing; and

    (d)     the reliability and positioning for any equipment to be brought to the courtroom.

**D.     Personal Appearance Required at all Conferences.**  Counsel's personal appearance is required at all conferences, except upon prior approval of the Court.

### III. DISCOVERY

**A.     Consultation Before Discovery Motion Practice.**  Prior to filing any discovery motion, the attorney for the moving party must consult with opposing counsel about the disputed issues.  Counsel for each side must present to each other the merits of their respective positions with the same candor, specificity, and supporting material as would be used in connection with a discovery motion.  The Parties are reminded that the Discovery Commissioner is available to address some disputes telephonically.

**B.     Discovery Hearings.**  Discovery motions typically are resolved without the need for oral argument.  However, if both sides desire a dispute resolution conference pursuant to NRCP 16.l(d), counsel must contact the Discovery Commissioner's office at (775) 328-3293 to obtain a convenient date and time for the conference.  If the parties cannot agree upon the need for a conference, the party seeking the conference must file and submit a motion in that regard.

**C.     Effect of Trial Continuance.**  A continuance of trial does <u>not</u> extend the

4

deadline for completing discovery.  A request for an extension of the discovery deadline, if needed, must be made separately or included as part of any motion for continuance of trial.  The parties may include an agreement to extend discovery in a stipulation to continue trial presented for court order.

D.     **Computer Animations.**  If any party intends to offer a computer-generated animation either as an evidentiary exhibit or an illustrative aid, that party must disclose that intention when expert disclosures are made pursuant to NRCP 16.1(a)(2).  A copy of the animation must be furnished to all other parties and the Court no later than thirty days prior to trial.  Disclosure of the animation includes copies of the underlying digital files as well as of the completed animation.

## IV. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

A.     **Notice of Settlement.**  In the event this case is settled prior to trial, the parties must promptly notify the department Judicial Assistant.

B.     **Settlement Conference or Alternative Dispute Resolution.**  This Court may order, upon a party's request or sua sponte, that the parties and their attorneys 1) meet in person with a judge other than the presiding judge in this case and attempt to settle the case, or 2) participate in mediation or some other appropriate form of alternative dispute resolution in an effort to resolve this case prior to trial.

C.     **Mandatory for Jury Trials.**  Parties who have a jury trial scheduled on a Trial Stack are required to have participated in a settlement conference or private mediation prior to trial.  This participation will be verified at the Status Conference set 90 days prior to the assigned Trial Stack.  See Administrative Order 2021-07 Section III, Paragraph G.

## V. TRIAL-RELATED PROCEDURES

A.     **Motions in Limine.**  All motions in limine, except motions in limine to exclude an expert's testimony, must be submitted for decision no later than 15 calendar days before trial.

B.     **All Other Motions.**  All motions, except motions in limine as defined above, must be submitted for decision no later than 30 calendar days before trial.

5

C.    **Exhibits.**  Trial counsel for the parties shall contact the Courtroom Clerk, Mikki Merkouris, no later than ten judicial days before trial, to arrange a date and time to mark trial exhibits.  In no event shall the marking of exhibits take place later than the Monday before trial, without leave of the Court.  All trial exhibits must be reviewed by both sides prior to the day of delivery.

1.    Marking and Objections.  All exhibits shall be marked in one numbered series (Exhibit 1, 2, 3, etc.) and placed in one or more binders with corresponding tabs provided by counsel, unless the Court permits a different procedure. Plaintiff exhibits begin with number 1 and continue until completion.  Defense shall begin marking their exhibits with the next sequential number.  When marking the exhibits with the clerk, counsel shall advise the clerk of all exhibits which may be admitted without objection, and those that may be admissible subject to objections.  Any exhibits not timely submitted to opposing counsel and the clerk may not be offered or referenced during the trial, without leave of the Court.  If additional exhibits are marked during the trial, counsel must provide the clerk with those number tabs.

2.    Copies.  Counsel must cooperate to insure that the official exhibits and copies are provided to the Court.  Three copies shall be delivered to the clerk.  One set of originals, one copy for opposing counsel, and one copy for the court to review during testimony.  The Court's copy shall also be in a binder with tabs.

3.    Custody of Exhibits.  After marking trial Exhibits by the clerk, the exhibits will remain in the custody of the clerk, until an order is issued directing the disposition or return to counsel.

4.    Demonstrative Exhibits.  Demonstrative Exhibits must be disclosed to counsel and the Court within a reasonable period before their anticipated use to permit appropriate objections, if any.

D.    **Trial Statements.**  Trial Statements must conform to WDCR 5.  Trial Statements must be filed and served no later than 5:00 p.m. five calendar days before trial,

6

or first day of the Trial Stack unless otherwise ordered by the Court. They must be served upon other parties by e-filing, personal delivery, fax, or email.

E.   **Jury Instructions and Verdict Forms.** All proposed jury instructions and verdict forms must be submitted to the Court no later than 5:00 p.m. on the Wednesday before trial, unless otherwise ordered by the court.[2]

1.   Format. All original jury instructions must be accompanied by a separate copy of each instruction containing a citation to the form instruction or to the authority supporting that instruction. All modifications made to instructions taken from statutory authority must be separately underscored on the citation page.

2.   Exchange. The parties must exchange all proposed jury instructions and verdict forms no later than seven calendar days before trial, unless otherwise ordered by the Court.

3.   Agreement and Submission. The parties must confer regarding the proposed jury instructions and verdict forms before they are submitted to the Court and shall use their best efforts to stipulate to uncontested instructions. All undisputed instructions and verdict forms must be submitted jointly to the Court; the parties must separately submit any disputed instructions and verdict forms.

4.   Disputes and Additional Instructions. After commencement of the trial, the Court will meet with counsel to determine the jury instructions and verdict forms that will be used. At that time, the Court will resolve all disputes over instructions and verdict forms, and consider the need for any additional instructions which were not foreseen prior to trial.

F.   **Juror Notes and Questions.** Jurors will be permitted to take notes during trial. Jurors will be permitted to submit questions in writing during trial; however, juror questions will be asked only after the questions are reviewed by counsel and approved by the Court.

---

[2] See WDCR 7(8).

7

G.    **Use of Electronically Recorded Depositions.**  No depositions recorded by other than stenographic means may be edited until the Court rules on objections.  If such a recording is to be used at trial, it must be edited to eliminate cumulative testimony and to present only matters that are relevant and material.

H.    **Evidentiary Rulings.**  Every witness that counsel intends to call at trial must be informed by counsel about any rulings that restrict or limit testimony or evidence (e.g., rulings on motions in limine) to inform them that they may not offer or mention any evidence that is subject to that ruling.

I.    **Examination Limits.**  Absent extraordinary circumstances, counsel will be given the opportunity for one re-direct and one re-cross examination.

## VI. MISCELLANEOUS

A.    **Civility.**  The use of language which characterizes the conduct, arguments or ethics of another is to be avoided unless relevant to a motion or proceeding before the Court.  In the appropriate case, the Court will upon motion or <u>sua sponte</u>, consider sanctions, including monetary penalties and/or striking the pleading or document in which such improprieties appear, and may order any other suitable measure the Court deems to be justified.  This section of this Order includes, but is not limited to, written material exchanged between counsel, briefs or other written materials submitted to the Court, and conduct at depositions, hearings, trial or meetings with the Court.

B.    **Communication with Department.**  In addition to communication by telephone, letter, or fax, counsel may communicate with Department 15 by e-mailing the Judicial Assistant, <u>shannon.parke@washoecourts.us</u>, or the Court Clerk, <u>Mikki.Merkouris@washoecourts.us</u>.  All written communications must be copied to all opposing counsel and unrepresented litigants.

C.    **Page Limits.**  All pleadings including accompanying legal memoranda submitted in support of any motion may not exceed 20 pages in length; opposition pleadings may not exceed 20 pages in length; and reply pleadings may not exceed 10 pages in length.  These limitations are exclusive of exhibits.  A party may file a pleading

that exceeds these limits by five pages, so long as it is filed with a certification of counsel that good cause existed to exceed the standard page limits and the reasons therefore. Briefs in excess of five pages over these limits may only be filed with <u>prior</u> leave of the Court, upon a showing of good cause.

        D.     **Request for Accommodation or Interpreter.** Counsel must notify the Court no later than 30 days before trial of any reasonable accommodation needed because of a disability, or immediately upon learning of the need if not known in advance. Counsel is also responsible for acquiring interpreter services and coordinating all scheduling needs related thereto.

        E.     **Etiquette and Decorum.** Counsel must at all times adhere to professional standards of courtroom etiquette and decorum, including but not limited to the following:

- Counsel may not use speaking objections
- Counsel must stand when speaking
- Counsel may not address each other during their respective arguments
- Counsel must be punctual
- Counsel must be prepared

## VII. CASE SPECIFIC REQUIREMENTS

N/A

**IT IS SO ORDERED.**

Dated: May 4, 2021.

David A. Hardy
District Court Judge

9

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Second Judicial District Court of the State of Nevada, in and for the County of Washoe; that on the __4__ day of May, 2021, I electronically filed the foregoing with the Second Judicial District Court's electronic filing system which will send a notice of electronic filing to the following:

ROBERT ROY JENSEN, ESQ. for JAMIE LEE ELLISON

JERRY S. BUSBY, ESQ. for SMITHS FOOD AND DRUG CENTERS

Further, I certify that I deposited in the county mailing system for postage and mailing with the U.S. Postal Service in Reno, Nevada, a true copy of the foregoing addressed to:

N/A

_____
Department 15 Judicial Assistant

10