UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMIE LEE ELLISON,<br><br>                          Plaintiff,<br>v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., *et al.*,<br><br>                          Defendants. | Case No. 3:21-cv-00211-MMD-CLB<br><br>ORDER |

**I.  SUMMARY**

Plaintiff Jamie Lee Ellison sued Defendants Smith's Food & Drug Centers, Inc. ("Smith") and Pipestone Property Services, LLC ("Pipestone") for alleged negligence, for injuries stemming from a slip and fall on ice and snow in the parking lot of a grocery store. (ECF No. 20 ("FAC").) Before the Court are: (1) Pipestone's motion to dismiss Ellison's FAC (ECF No. 24 ("Dismissal Motion"));[1] and (2) Ellison's motion for leave to file a proposed Second Amended Complaint ("SAC") (ECF No. 37 ("Motion")).[2] Both because motions seeking leave to amend should be liberally granted, and Ellison's proposed amendments in her proposed SAC are not futile, the Court will grant Ellison's Motion. The Court will accordingly deny the Dismissal Motion as moot because it seeks to dismiss a complaint that is no longer the operative complaint following this order.

**II.  BACKGROUND**

Ellison filed this case in Nevada state court. (ECF No. 1-1.) Smith removed. (ECF No. 1.) Ellison subsequently filed a motion for leave to file the FAC primarily to name

---

[1] Ellison filed a response (ECF No. 26) and Pipestone filed a reply (ECF No. 27).

[2] Smith (ECF No. 41) and Pipestone (ECF No. 42) filed responses and Ellison filed a reply (ECF No. 45).

Pipestone as a defendant, explaining that discovery had revealed Pipestone may have been responsible for the snow removal at the pertinent grocery store and accordingly responsible for Ellison's injuries. (ECF No. 15.) United States Magistrate Judge Carla L. Baldwin granted that motion for leave to amend. (ECF No. 19.)

The FAC is therefore the currently operative complaint. (ECF No. 20.) Pipestone's pending Dismissal Motion moves to dismiss the FAC, arguing that the allegations in the FAC against Pipestone are insufficiently specific to state a claim.[3] (ECF No. 24.)

However, Ellison now seeks leave to file her proposed SAC. Ellison explains in the Motion that additional discovery has revealed that Command7 Property Services, LLC, a Utah limited liability company ("Command7") and Premium Lawn & Landscapes, Inc., a Nevada domestic corporation ("Premium")—additional subcontractors or vendors of Smith's subcontractor or vendor Pipestone—may have been responsible for snow removal at the applicable grocery store and thus at least partially responsible for Ellison's injuries. (ECF No. 37 at 1-3.) Ellison accordingly seeks leave to amend to add Command7 and Premium as defendants, along with correcting the name of Smith and making some additional changes.[4] (*Id.* at 1.)

Meanwhile, Pipestone filed a motion to stay discovery. (ECF No. 36.) Judge Baldwin denied that motion. (ECF No. 44.)

### III. LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure allows amendment only with leave of court once responsive pleadings have been filed and in the absence of the adverse party's written consent. *See* Fed. R. Civ. P. 15(a). The Court has discretion to grant leave

---

[3]This case was reassigned to the Court shortly after Pipestone filed its Dismissal Motion (ECF No. 29), and more specifically after United States District Judge Howard D. McKibben recused (ECF No. 28).

[4]Comparing the proposed SAC to the FAC, Ellison appears to flesh out her negligence theory against Pipestone in the SAC and adds similar allegations against Command7 and Premium. (*Compare* ECF No. 20 with ECF No. 37-1.) The gist of the negligence theory against all defendants, existing or proposed, is that at least one of them had a duty to keep the handicapped parking spot where Ellison slipped and fell free of ice and snow and failed to do so. (ECF No. 37-1.)

and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). "In exercising its discretion, 'a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Nonetheless, the Court may deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

**IV.     DISCUSSSION**

Ellison asserts the following arguments in support of amendment: the Motion is not brought in bad faith, she did not unduly delay in filing it from the time she learned of the involvement of Command7 and Premium, Smith and Pipestone would not be prejudiced by the proposed amendments because they have known of Command7 and Premium's involvement for some time now but did not disclose it, the proposed SAC does not alter the legal theories pleaded against Smith and Pipestone, the proposed amendments are not futile, and while Ellison previously obtained leave to amend to add claims against Pipestone, she would have moved to add claims against Command7 and Premium earlier if she had known of their potential involvement. (ECF No. 37 at 3-5.) Smith counters that Ellison unduly delayed in filing suit, though admits Ellison filed suit before the statute of limitations expired (ECF No. 41 at 2-3), and otherwise argues that amendment would be futile if the Court granted the Dismissal Motion or permitted Ellison to add Command7 and Premium as parties to this case and then later dismissed them (*id.* at 3-4).[5] Pipestone counters that it would be prejudiced were the Court to grant the

---

[5]Smith then proceeds to respond to Ellison's counsel's allegations about Smith's counsel's litigation conduct even after stating the disputes over litigation conduct are irrelevant to the standards governing whether the Court should grant the Motion. (ECF No. 41 at 4-6.) Judge Baldwin recently reminded "counsel for *all parties*, personal attacks and 'retorts' to alleged personal attacks are neither helpful nor necessary to the Court

Motion because there would be limited time to conduct discovery involving the new parties and amendment would be futile because Ellison did not know about the contracts between Smith, Pipestone, Command7, and Premium when she slipped and fell, and it had not snowed enough at the time of Ellison's fall for anyone to have been required to remove snow and ice under the various contracts. (ECF No. 42 at 3-4.) The Court agrees with Ellison in pertinent part.

Discovering who was actually responsible for clearing the ice and snow that was allegedly not cleared and allegedly caused Ellison to slip and fall is a clear example of attempting to get the merits of a case. Thus, granting the Motion aligns with the "underlying purpose of Rule 15—to facilitate decision on the merits[.]" *DCD Programs*, 833 F.2d at 186. Moreover, the required "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *Id.* As to undue delay, neither Smith nor Pipestone dispute Ellison's representation that she moved for leave to amend only about two weeks after she learned of the potential involvement of Command7 and Premium through discovery. (ECF No. 37 at 3 & 3 n.2; *see also* ECF Nos. 41, 42 (declining to dispute this).) In addition, no party argues Ellison brought the Motion in bad faith. And while Judge Baldwin previously granted Ellison leave to amend, it is logical that Ellison would seek leave to amend again after learning of the involvement and potential responsibility of more parties. Indeed, the fact that Judge Baldwin already granted leave to amend weighs in favor of granting the Motion because Ellison again seeks leave to amend for basically the same reason Judge Baldwin already validated in granting Ellison's first motion to amend. Thus, the Court agrees the Motion should be granted for the reasons Ellison provided in her Motion.

Defendants make three arguments to the contrary, but the Court finds none of them persuasive. The Court addresses these arguments below.

///

---

and the parties should refrain from such conduct in future filings with the Court." (ECF No. 44 at 1 n.1 (emphasis in original).) The Court joins Judge Baldwin's reminder.

Smith argues undue delay. (ECF No. 41 at 2-3.) However, as Ellison points out in reply (ECF No. 45 at 7), Smith is arguing about irrelevant delay in filing suit, not the pertinent delay under the standards governing the Court's review of the Motion—the time between when Ellison learned of potential grounds for amendment and when she filed her Motion. *See, e.g.*, *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (finding no undue delay based on time elapsed between when the plaintiffs learned new information through discovery and when they moved for leave to amend). As noted, there is no dispute that only about two weeks elapsed between the time Ellison learned about the potential involvement of Command7 and Premium and when she filed her Motion. She did not unduly delay.

Pipestone argues prejudice in that there would not be much time for discovery if Command7 and Premium are added as parties. (ECF No. 42 at 3.) But discovery and other deadlines can be extended for good cause and any prejudice caused by potential delay in this case is outweighed by the value of having all parties who might be responsible for Ellison's alleged injuries involved in this case. Moreover, any delay in Ellison's discovery of the involvement of Command7 and Premium is fairly attributable to Pipestone in any event because Pipestone is the entity that had relationships with Command7 and Premium. In addition, Ellison disputes in her reply how much delay will actually occur if leave to amend is granted. (ECF No. 45 at 3-4.) On this record, the Court cannot say any discovery delays will be substantial. The prejudice factor does not weigh in favor of denying the Motion.

Both Smith and Pipestone finally argue futility of amendment. (ECF Nos. 41 at 3-4, 42 at 3-4.) However, their futility arguments are unpersuasive. Smith specifically argues amendment would be futile if the Court granted the Dismissal Motion or later dismissed Command7 and Premium after permitting Ellison to name them as defendants through amendment. (ECF No. 41 at 3-4.) The Court disagrees. Granting the Motion would—and will—moot the Dismissal Motion, but not the other way around. Indeed, the Court could grant the Dismissal Motion but still find leave to amend appropriate. And Smith's other

argument depends on speculative future events that may or may not occur—unhelpful for purposes of resolving the Motion.

Pipestone argues futility because Ellison was not aware of any contracts between the existing and potential defendants before recently discovering them. (ECF No. 42 at 3-4.) Pipestone proffers no caselaw to support this argument—probably because none exists. (*Id.*) As Ellison persuasively replies (ECF No. 45 at 4-6), Ellison's knowledge about the contractual relationships between the existing and proposed defendants is simply irrelevant to her negligence claim—people are often injured by unknown individuals and entities. If any of the proposed or existing defendants injured Ellison, they could be liable to her for negligence if Ellison can prove the elements of her claim against each of them. Further, Ellison's argument relies on applicable Nevada caselaw that the Court agrees—following its review of those cases—supports Ellison's argument that she has a legally viable negligence claim against the existing and proposed defendants. (*See id.*) And at this stage, all the Court can—or must—say is that the allegations against the existing and proposed defendants in Ellison's proposed SAC (ECF No. 37-1) are sufficient to state a negligence claim against each of them.

Pipestone finally argues amendment would be futile because of an email from Smith's insurance claims company's representative stating that it did not snow enough on the day of Ellison's fall to require any entity to remove any snow. (ECF No. 42 at 4.) This argument is inappropriate and unpersuasive because it asks the Court to definitively resolve a disputed issue of fact instead of addressing the proposed allegations in the proposed SAC. Indeed, Pipestone's argument does not even discuss Ellison's proposed allegations in the proposed SAC, much less assume the plausible allegations in the SAC are true and argue futility under the appropriate standard that governs motions to dismiss for failure to state a claim. *See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) (stating that the plaintiff "may be able to amend its complaint to state a claim that will survive a motion to dismiss, and so denial of leave to amend on the ground of futility is improper.") (footnote omitted); *see also Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (citation omitted). And as noted, the Court finds Ellison's proposed allegations in her proposed SAC (ECF No. 37-1) sufficient to state a negligence claim against each existing and proposed defendant.[6]

In sum, the Court will grant the Motion.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Ellison's motion for leave to file her proposed SAC (ECF No. 37) is granted.

It is further ordered that Pipestone's motion to dismiss (ECF No. 24) is denied as moot.

DATED THIS 24th Day of March 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[6]Even if the Court were to consider the email Pipestone points to—and the Court does not for purposes of resolving the Motion—it does not definitely establish that none of the existing or proposed defendants had a duty to clear the snow and ice that Ellison allegedly slipped on. As Ellison argues in reply (ECF No. 45 at 6), other evidence proffered by Ellison suggests that one or more of the defendants undertook a duty to keep the parking lot slip-free. Thus, at most, there appears to be a dispute of fact about the various defendants' duties to keep the parking lot free of ice and snow that is not resolved by the email Pipestone points to.